**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4470**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAQUILLE DISHAWN HUNTER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:13-cr-00271-BO-1)

Submitted: January 22, 2015      Decided: January 26, 2015

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaquille Dishawn Hunter appeals the seventy-two-month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2012). Hunter asserts that his sentence should be vacated because the district court: (1) procedurally erred when it imposed upon him an upward variant sentence without addressing his non-frivolous arguments for a lesser sentence; and (2) substantively erred because his sentence is greater than necessary to comply with the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a) (2012). Finding no error, we affirm.

We review Hunter's sentence for abuse of discretion. See United States v. Cobler, 748 F.3d 570, 581 (4th Cir.), cert. denied, 135 S. Ct. 229 (2014). "The first step in our review of a sentence mandates that we ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range or selecting a sentence based on clearly erroneous facts." United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010) (internal quotation marks and alterations omitted). And when a district court has imposed an upward variant sentence, we consider the reasonableness of imposing a variance and the extent of the variance. United

2

States v. Tucker, 473 F.3d 556, 561 (4th Cir. 2007). A greater variance requires more substantial justification. United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011). "Generally, if the reasons justifying the variance are tied to § 3553(a) and are plausible, the sentence will be deemed reasonable." Tucker, 473 F.3d at 561 (internal quotation marks and citation omitted).

Upon review of the parties' briefs and the record, we conclude that the seventy-two-month sentence, which represents a fifteen-month upward variance from Hunter's advisory Guidelines range, is reasonable. In particular, the record establishes that the district court listened to counsel's arguments for an appropriate sentence but disagreed with those arguments, believing instead that an upward variant sentence was warranted and necessary.

We also conclude that the district court adequately explained Hunter's sentence and appropriately tied its rationale for the variant sentence to the § 3553(a) factors it deemed relevant. Thus, we find that the seventy-two-month sentence is reasonable. See United States v. King, 673 F.3d 274, 283-84 (4th Cir. 2012) (concluding that upward variant sentence was reasonable as it was adequately supported by reference to those § 3553(a) factors that "the court determined required the sentence ultimately imposed"); Diosdado-Star, 630 F.3d at 366-67

3

(holding that an upward variant sentence six years longer than the Guidelines range was substantively reasonable because the district court expressly relied on several § 3553(a) factors to support the variance).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4